# EXHIBIT A

Vara v. Batista: RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

| REQUEST | RESPONSE | Meet and Confer Agreement Per 11/3/2022 E-Mail From Plaintiff to Defendant (All additional documents due 11/15/2022) | Defendant's Response Per E-Mail Dated 11/18/2022 |
|---|---|---|---|
| No. 1. ALL DOCUMENTS RELATING to the accounting of fees paid by each debtor identified in Exhibit 1 of the Complaint maintained by YOU, including, but not limited to, any electronically maintained accounting software. | D HAS NO DOCUMENTS | Mr. Batista will provide an accounting of the amount of loans obtained from FSF, payments made on those loans, and provide any statements he received from FSF during the time period identified in the document production. | Defendant has access to information but believes FSF should provide it. |
| No. 2. All DOCUMENTS RELATING to payments made to YOU or FSF received from each debtor identified in Exhibit 1 of the Complaint. | D HAS NO DOCUMENTS | Mr. Batista will provide an accounting of the amount of loans obtained from FSF, payments made on those loans, and provide any statements he received from FSF during the time period identified in the document production. | Defendant has access to information but believes FSF should provide it. |
| No 3. ALL DOCUMENTS RELATING to payments YOU received from FSF for YOUR representation of each debtor identified in Exhibit 1 of the Complaint. | D HAS NO DOCUMENTS | Mr. Batista will provide an accounting of the amount of loans obtained from FSF, payments made on those loans, and provide any statements he received from FSF during the time period identified in the document production. | Defendant has access to information but believes FSF should provide it. |
| No 4. ALL DOCUMENTS RELATING to YOUR agreement with FSF, in effect from January 2019 to June 2021. | DOCUMENTS PROVIDED | N/A | N/A |

| | | | |
|---|---|---|---|
| No 5. ALL DOCUMENTS RELATING to the accounts receivable managed by FSF in connection with the debtors identified in Exhibit 1 of the Complaint, as described in YOUR Answer to the Complaint at paragraph 15. | D HAS NO DOCS | Mr. Batista will provide an accounting of the amount of loans obtained from FSF, payments made on those loans, and provide any statements he received from FSF during the time period identified in the document production. | Defendant has access to information but believes FSF should provide it. |
| No 6. ALL DOCUMENTS RELATING to the bank accounts used in connection with the operation of YOUR law firm from January 2019 to June 2021. | D objects as overbroad, unduly burdensome, irrelevant, excessive, disproportional to needs and burden outweighs benefit | -Mr. Batista will provide bank statements from bank account(s) used in connection with funds received from FSF for the time period requested. Again, these documents are to be provided within 15 days from 10/31/2022. | Mr. Batista is still pulling together account information, but he can get it within a week from today. |
| No 7. ALL DOCUMENTS RELATING to collection efforts made against ANY debtor identified in Exhibit 1 of the Complaint by YOU or FSF. | D has no documents | Mr. Batista will provide any e-mails or other communications from clients with regard to any payments made or to be made to FSF. Documents to be provided within 15 days from 10/31/2022. | There are no documents responsive to item number 3 in Mr. Batista's possession. Any communications from clients about payments, would have been directly between the clients and Fresh Start. |
| No 8. ALL DOCUMENTS RELATING to debtors identified on Exhibit 1 of the Complaint that did not qualify for FSF's "program" pursuant to FSF's "underwriting guidelines" as described in the Pre-Filing Agreement quoted in the Complaint. | D has no documents. | Mr. Batista will provide any e-mails or other communications from clients with regard to any payments made or to be made to FSF. Documents to be provided within 15 days from 10/31/2022. | There are no documents responsive to this request in Mr. Batista's possession. Any communications from clients about payments, would have been directly between the clients and Fresh Start. |
| No 9. ALL DOCUMENTS reflecting FSF's "underwriting guidelines" as referenced to in the Pre-Filing Agreement quoted in the Complaint. | D has no documents | No additional agreement | No response |

| | | | |
|---|---|---|---|
| No 10. All DOCUMENTS RELATING to YOUR response to INTERROGATORY NO. 11, served herewith, which corroborate YOUR response that YOUR clients did have an ability to pay YOUR fees. | D has no documents other than what has already been provided to P | Mr. Batista will confirm that the U.S. Trustee has all documents that he has in his possession regarding each debtors ability to pay as determined at the time of filing….Paragraph 40 of the complaint identifies 15 cases where the fees were bifurcated, and the collection of fees assigned to FSF, but the schedules failed to identify a bank account. We want any and all documents related to whether these debtors had bank accounts and whether Mr. Batista knew they had bank accounts prior to the filing their petitions. Of course, we also want to know all of the pre-conditions to qualifying for bifurcation and assignment of collection to FSF. | Mr. Batista has no documents in his possession that are responsive to RFP #10. Relevant information was passed along to Mr. Batista verbally by his clients, and all such information ended up in the documents filed in the respective clients' bankruptcy cases, whether filed initially or by amendment/supplement. |
| No 11. ALL DOCUMENTS RELATING to YOUR filing of amended documents or supplements with the Court after receiving updated information from YOUR clients, as described in paragraphs 42 and 43 of your Answer to the Complaint. | Objection on grounds of privilege, but D reviewing files and will supplement when available. | Mr. Batista will provide all documents requested within 15 days from 10/31/2022 and/or a privilege log indicating the basis for asserting the privilege. In that regard, I want to cite to you the seminal case with respect to attorney client privilege in bankruptcy cases, i.e., in the bankruptcy context, the right to assert the attorney-client privilege is narrowed. In exchange for the protections | Mr. Batista will not be withholding any documents under a claim of privilege. Mr. Batista is checking his files, but believes no further documents exist. When information was presented to him by the client, that information ended up in a supplemental filing, and he doesn't have any other documentation than what ended up filed with the court. |

3

| | | | |
|---|---|---|---|
| | | provided by the Bankruptcy Code, debtors are obligated to disclose all of their assets and liabilities. U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991). | |
| No 12. ALL DOCUMENTS RELATING to YOUR response to INTERROGATORY NO. 21, served herewith, which corroborate YOUR explanation for why you did not file a motion to vacate the dismissal of Gerald L. Alward, case no. 20-10711 SLM, until over ten months following the entry of the Order Granting Motion to Dismiss Case. | Provided documents filed on the docket. | Mr. Batista will provide all non-privileged documents requested relating to the Alward matter within 15 days from 10/31/2022 and/or a privilege log indicating the basis for asserting the privilege. These requests include all electronic data, including e-mails, as well as documents maintained in paper form. | all documentation relative to the Alward matter was appended to Mr. Batista's motion to reopen the case. |
| No 13. ALL DOCUMENTS RELATING to YOUR response to INTERROGATORY NO. 22, served herewith, which corroborates YOUR denial of the fee range YOU typically charged in FLAT FEE cases | D has no documents. | No additional documents requested | No additional response requested |
| No 14. ALL DOCUMENTS RELATING to YOUR response to INTERROGATORY NO. 24, served herewith, identifying each bankruptcy case YOU filed between January 2020 and June 2021 in which you received fee amounts in excess of $2,800, including DOCUMENTS evidencing the "different services, communications, and tasks, warranting these fees." | Objection on grounds of privilege but D will supplement when docs available. No documents provided | Mr. Batista will provide all requested documents within 15 days of 10/31/2022; | Mr. Batista is double checking his files but believes there is no further documentation |
| No 15. ALL non-privileged DOCUMENTS RELATING to YOUR representation of the Debtors identified in Exhibit 1 and 2 of the COMPLAINT, | Objection on grounds of privilege | Mr. Batista will provide all non-privileged documents in connection with all 141 cases within 15 | I renew the objection set forth in our response to RFP #15. The request is so broad that it subsumes all others, |

4

| | | | |
|---|---|---|---|
| including, but not limited to, draft schedules and statement of financial affairs, e-mails, letters, time sheets, documents provided by debtors in connection with the preparation of their schedules and statement of financial affairs, and communications between YOU and the debtors RELATING to the preparation of the petition, schedules and statement of financial affairs, including any amendments thereto. | | days from 10/31/2022.  We agreed that I would review all electronically maintained files to be supplied via e-mail, disc, drop-box or any other file sharing mechanism, after Mr. Batista has removed any privileged data.  Of course, we will want a privilege log in connection with this production request.  Once I have reviewed the electronic data we will discuss whether there is a need to review the paper files Mr. Batista maintains and how that will be accomplished, including an in person review of each file by our office. | seeking every single document imaginable that might somehow relate to 141 cases. |
| No 16.  ALL DOCUMENTS RELATING to the Pre-Filing and Post-Filing Agreement entered into between YOU and the debtors identified on Exhibit 1 of the Complaint. | D has no documents | No further requests | No additional response requested. |
| No 17.  ALL DOCUMENTS RELATING to the Pre-Filing and Post-Filing Agreement entered into between YOU and the debtors identified on Exhibit 1 of the Complaint. | Non-privileged documents already produced but D is search and will supplement as documents collected | Mr. Batista will provide bank statements and credit card statements evidencing how the filing fees were paid. | Mr. Batista is obtaining credit card statements regarding the payment of filing fees.  The statements need to be reviewed and possibly redacted.  Within the next few days I'll have a more solid timeline from Mr. Batista on how quickly he can get that done and the statements produced. |
| No 18.  ALL DOCUMENTS RELATING to YOUR practices and procedures in representing chapter 7 debtors in bankruptcy. | Objection that request is vague, ambiguous, | Mr. Batista will provide any forms he uses in preparing bankruptcy documents | There are no additional responsive documents in Mr. Batista's possession.  He |

5

| | | | |
|---|---|---|---|
| | overbroad, unduly burdensome and D has no responsive documents. | for filing, such as form requests for information provided or other forms he uses in connection with the preparation of petitions, schedules and statement of financial affairs.  As above, such documents are to be provided within 15 days from 10/31/2022. | prepared statements and schedules with clients during in-person meetings, and any informal notes that may have been involved were discarded after the information was input into the statements and schedules that were eventually filed. |

6