# EXHIBIT B

VARA v. BATISTA INTERROGATORIES REQUIRING SUPPLEMENTAL RESPONSES, RESPONSES AND
PLAINTIFF'S MOTION TO COMPEL

| INTERROGATORY | RESPONSE | PLAINTIFF'S MOTION TO COMPEL |
|---|---|---|
| **INTERROGATORY NO. 13**<br><br>        IDENTIFY all facts which support YOUR denial of Paragraph 38 of the COMPLAINT alleging YOUR standard practice in representing chapter 7 debtors. | **ANSWER:** Mr. Batista denied the legal conclusion set forth in paragraph 38 that his standard practice in preparing Chapter 7 debtors to file their cases, violates §707(b)(4)(C). Mr. Batista's standard practice is to obtain the minimal amount of information necessary to meet his professional obligations in filing a Chapter 7 petition; §707 delineates what minimal level of information is required – information sufficient to determine that a Chapter 7 petition would be well grounded in fact and existing law. The level of investigation and confidential information exchanged between attorney and client regarding that inquiry varies from case to case, and Mr. Batista denied the characterization that such investigation cannot be adequate unless it includes examining every document and bit of information necessary to complete the schedules and SOFA. | Defendant should amend his answers to interrogatory numbers 13 to 15 to make this clear what documents he reviewed prior to filing a petition on behalf of his clients and what he believes is the minimal requirements to determined if a case is "well grounded in fact and existing law." |
| **INTERROGATORY NO. 14**<br><br>        IDENTIFY all bankruptcy cases filed by debtors identified in exhibits 1 and 2 of the COMPLAINT that had no bank account. | **ANSWER:** To the best of Mr. Batista's knowledge, all debtors identified in exhibits 1 and 2 to the Complaint who had bank accounts at the time of filing their petitions, listed those bank accounts in their schedules (or amended schedules, as applicable) filed in their cases. Debtors reflected in exhibits 1 and 2 to the Complaint who never scheduled any | Defendant should amend his answers to interrogatory numbers 13 to 15 to make clear whether he reviewed his clients' bank statements, tax returns, pay advices and other financial documents, prior to filing their petitions.  Defendant should be required to clarify his response and explain how he determined whether his clients had a bank account at the time of and how, |

VARA v. BATISTA INTERROGATORIES REQUIRING SUPPLEMENTAL RESPONSES, RESPONSES AND
PLAINTIFF'S MOTION TO COMPEL

| INTERROGATORY | RESPONSE | PLAINTIFF'S MOTION TO COMPEL |
|---|---|---|
| | bank accounts did not have bank accounts at the time of filing. Mr. Batista does not have information regarding whether any debtors acquired bank accounts subsequent to the filing of their bankruptcy cases. Pursuant to Civil Rule 33(d), the UST can derive or ascertain the requested information as readily as can Mr. Batista, and by substantially the same means - by reviewing the ECF dockets and schedules filed in the cases reflected in the Complaint, which are in the public record, and which presumably have already been obtained by the UST. | if required to have a bank account to pay through FSF, no bank account was identified on the some of his clients schedules. |
| **<u>INTERROGATORY NO. 15</u>**<br><br>IDENTIFY all bankruptcy cases filed by debtors identified in exhibits 1 and 2 of the COMPLAINT that had no income in the year of filing or the two previous years. | **ANSWER:** To the best of Mr. Batista's knowledge, the information regarding which debtors identified in exhibits 1 and 2 to the Complaint did, and did not, have income within two years of filing their petitions, is reflected in the Schedules and Statement of Financial Affairs (collectively, the "S&S") filed in those cases. Mr. Batista does not currently have information regarding those debtors and their income, or lack thereof, other than what is reflected in their S&S. Pursuant to Civil Rule 33(d), the UST can ascertain the foregoing information as readily as can Mr. Batista, and by substantially the same means - by reviewing the S&S filed in the foregoing cases, which are in the public | Defendant should amend his answers to interrogatory numbers 13 to 15 to make clear what steps he took to determine whether debtors had income in the year of filing or the two previous years, including whether he reviewed his clients' bank statements, tax returns, pay advices and other financial documents, prior to filing their the schedules and statement of financial affairs to verify the information contained therein. Defendant should be required to explain how none of the debtors identified in the complaint had income in the year of filing or two previous years, but many had income on schedule I and J. |

VARA v. BATISTA INTERROGATORIES REQUIRING SUPPLEMENTAL RESPONSES, RESPONSES AND
PLAINTIFF'S MOTION TO COMPEL

| INTERROGATORY | RESPONSE | PLAINTIFF'S MOTION TO COMPEL |
|---|---|---|
| | record, and which presumably have already been obtained by the UST. | |
| **INTERROGATORY NO. 23**<br><br>IDENTIFY all facts which support YOUR affirmative allegation in Paragraph 55 of YOUR response to the COMPLAINT where you say that the fee amounts YOU receive "in any given case is impacted by the unique profile of each case and debtor, and is not simply a function of how and when fees are paid." | **ANSWER:** In response to Interrogatory 23, the facts supporting Mr. Batista's response to paragraph 55 are that he assesses cases presented to him, and cases which present circumstances that would likely require additional time, work, and tasks, justify and sometimes result in a fee greater than the most simple and routine cases. The bifurcated cases Mr. Batista handled often meet that profile, in part because he agrees to perform additional "supplemental" services for his fee than those included within a prepaid flat fee case. | Defendant should be required to supplement his answer to his interrogatory to explain what exactly he did to earn fees in excess of $2,800.  Neither the description of the cases below nor the document production (which is nothing) provide any explanation as to why such fees were charged. |
| **INTERROGATORY NO. 24**<br><br>For each bankruptcy case YOU filed between January 2020 and June 2021 in which you received fee amounts in excess of $2,800, IDENTIFY the "different services, communications, and tasks, warranting these fees" as described in response to Paragraph 56 of the COMPLAINT. | **ANSWER:** In response to Interrogatory 24, Mr. Batista agreed to perform an additional group of "Supplemental Services" in his bifurcated cases, and the inclusion of such services within a flat fee justifies a different fee structure. Moreover, Mr. Batista is collecting information on what services, including services among those supplemental services, were necessary and performed in each of his bifurcated cases that fit the profile described in Interrogatory 24, and this response will be supplemented as such | Defendant should be required to either supplement his response to this interrogatory or compelled to produce documents substantiating the additional services he provided. |

**VARA v. BATISTA INTERROGATORIES REQUIRING SUPPLEMENTAL RESPONSES, RESPONSES AND PLAINTIFF'S MOTION TO COMPEL**

| INTERROGATORY | RESPONSE | PLAINTIFF'S MOTION TO COMPEL |
|---|---|---|
| | information is compiled. In reference to Paragraph 55 and 56 of the complaint, footnote number 5, the following are the additional circumstances for each case needed additional services. (see below) | |

a) *In re Bennick*, case no. 20-15093 ($4,000), this debtor had an excessive amount of debts relating to a failed business which required and extensive amount of time to sort out with the debtor and figure out all of his personal liability to be included in the bankruptcy.

b) *In re Duarte*, case no. 20-13327 VFP ($3,380), this debtor was a sole proprietary of a business and additional services were performed for this particular client.

c) *In re Lee*, case no. 20-17736 VFP ($3,100); We assisted debtor in repossession avoidance for many months prior to the filing and during the filing amounts other things.

d) *In re Pamales*, case no. 20-13317 JKS ($3,000); This was a joint petition by husband and wife, they owned a property. Additional work was performed as the property was subject to a HUD Subordinate Mortgage from a workout from missed mortgage payments.

e) *In re Torres*, case no. 20-17742 JKS ($3,100). This debtor owned a one family home and additional work was done.